UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

PATSY ARNETT,

    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No.: 3:14-cv-177

Magistrate Judge Michael J. Newman
(Consent Case)

**DECISION AND ENTRY: (1) AFFIRMING THE ALJ'S NON-DISABILITY FINDING AS SUPPORTED BY SUBSTANTIAL EVIDENCE; AND (2) TERMINATING THIS CASE ON THE DOCKET**

This Social Security disability benefits appeal is presently before the undersigned for disposition based upon the parties' consent. Doc. 4. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[1]  This case is before the Court upon Plaintiff's Statement of Errors (doc. 9), the Commissioner's memorandum in opposition to Plaintiff's Statement of Errors (doc. 13), Plaintiff's reply memorandum (doc. 14), the administrative record (doc. 7),[2] and the record as a whole.

---

[1] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).  Citations in this Decision and Entry to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

I.

A.     **Procedural History**

Plaintiff filed for DIB and SSI in March 2011 alleging a disability onset date of April 4, 2009.  PageID 260-72.  Plaintiff claims disability as a result of a number of impairments including, *inter alia*, osteoarthritis, affective disorder, and anxiety disorder.  PageID 73.

After initial denial of her applications, Plaintiff received a hearing before ALJ Elizabeth A. Motta.  PageID 91-114.  The ALJ issued a written decision on January 9, 2013 finding Plaintiff not disabled.  PageID 71-82.  Specifically, the ALJ's findings were as follows:

1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2011.

2. The claimant has not engaged in substantial gainful activity since April 4, 2009, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: right hip osteoarthritis; affective disorder; anxiety disorder; and history of polysubstance abuse (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. The claimant has the residual functional capacity ["RFC"] to lift up to 20 pounds occasionally and 10 pounds frequently; standing/walking is limited to 15 minutes per hour (combined total of two hours in an eight-hour workday); she needs a cane to ambulate; she can do only occasional climbing stairs/ramps, balancing, stooping, kneeling, crouching and crawling; she must avoid climbing ropes, ladders or scaffolds; exposure to hazards, such as moving or dangerous machinery or working at unprotected heights; and she is limited to simple, routine and repetitive tasks; low stress work, that is, no strict production quotas, no fast-pace, and few changes in the work setting; no contact with the public; and only occasional contact with coworkers and supervisors.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born [in] 1966, and was 42 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date. The claimant subsequently changed age category to a younger individual age 45-49. She was 46 years old at the hearing (20 CFR 404.1563 and 416.963).

8. The claimant has a limited education (dropped out in the 11th grade per testimony) and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not she has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from April 4, 2009, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

PageID 73-82.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 52-54. Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007) (noting that, "[u]nder the Federal Rules of Appellate Procedure, [claimant] had 60 days from the Appeals Council's notice of denial in which to file his appeal").

### B. Evidence of Record

In her decision, the ALJ set forth a detailed recitation of the underlying medical evidence in this case. PageID 73-80. Plaintiff, in her Statement of Errors, also summarizes the evidence

of record. Doc. 9 at PageID 634. The Commissioner's response to Plaintiff's Statement of Errors offers no objections to Plaintiff's summary. Doc. 13. Accordingly, except as otherwise noted in this Decision and Entry, the undersigned incorporates the ALJ's recitation of the evidence as well as Plaintiff's summary of the evidentiary record. Where applicable, the Court will identify the medical evidence relevant to this decision.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id*. at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its

own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id*.

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin*, 475 F.3d at 730, the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.*, 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing that he or she is disabled under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In her Statement of Errors, Plaintiff argues that the ALJ erred by failing to properly: (1) evaluate the opinion of her therapist, Teri Stephenson, a masters-level licensed professional clinical counselor ("L.P.C.C."); (2) determine her RFC; and (3) find her disabled at Step Three under Listing §§ 12.03 and/or 12.06.  Doc. 9 at PageID 635-39.  Having reviewed the administrative record and the parties' briefs, and also having carefully considered the ALJ's decision, the Court finds that the ALJ carefully reviewed the record and appropriately assessed the evidence, including therapist Stephenson's opinion, reasonably concluded that Plaintiff did not meet or equal a Listing, and properly determined Plaintiff's RFC.  The Court, therefore, finds the ALJ's analysis supported by substantial evidence.

A.   "Other Source" Opinion

Plaintiff first argues that the ALJ erred by discounting the opinion of her therapist Ms. Stephenson, a licensed social worker.  Doc. 9 at PageID 635.  While social workers are not "acceptable medical sources" whose opinions can establish whether a claimant has a "medically determinable impairment[,]" 20 C.F.R. § 404.1513(a), their opinion, as an "other source," may be used by an ALJ "to show the severity of [a claimant's] impairment(s) and how it affects [the claimant's] ability to work."  20 C.F.R. § 404.1513(d); *see also Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 541 (6th Cir. 2007).  Other source opinions are entitled to consideration by an ALJ, and an ALJ's decision should reflect such consideration.  *Cole v. Astrue*, 661 F.3d 931, 939 (6th Cir. 2011); *see also* Social Security Ruling ("SSR") 06-03p, 2006 WL 2329939, at *6 (Aug. 9, 2006).  In other words, an ALJ "should explain the weight given to [such] opinions . . . or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may

have an effect on the outcome of the case." SSR 06-03p, 2006 WL 2329939, at *6; *see also Cruse*, 502 F.3d at 541.

However, "SSR 06-03p . . . does not require that an adjudicator articulate 'good reasons' for the rejecting of an 'other source's' opinion[,]" as the ALJ must do when discounting an opinion by a treating source. *York v. Comm'r of Soc Sec.*, No. 2:13-cv-0466, 2014 WL 1213240, at *5 (S.D. Ohio Mar. 24, 2014) (citations omitted). To evaluate other source opinions, an ALJ may apply the factors set forth in 20 C.F.R. § 404.1527(c), *i.e.*, length of treatment history; consistency of the opinion with other evidence; supportability; and specialty or expertise in the medical field related to the individual's impairment(s). *Adams v. Colvin*, No. 3:13-cv-255, 2014 WL 5782993, at *8 (S.D. Ohio Nov. 6, 2014).

Plaintiff saw therapist Stephenson for bimonthly appointments beginning in January 2012. *See e.g.*, PageID 541-44, 603. In conjunction with treatment from therapist Stephenson, Plaintiff saw psychiatrist Pravesh Patel, M.D. PageID 80, 545. In October 2012, therapist Stephenson opined that Plaintiff experiences "marked" and "extreme" limitations[3] in the areas of social interaction, sustained concentration and persistence, and adaptation. PageID 535-38. In considering therapist Stephenson's opinion, the ALJ found that

> the record does not adequately support these limitations. It was not even co-signed by Dr. Patel so no controlling weight issues need to be addressed. However, as discussed above, the claimant did not receive any treatment for a mental impairment until recently. Furthermore, there have been generally consistent GAF scores resulting from her earlier consultative examinations and recent mental status exams that generally show someone with only moderate limitations. Therefore, no significant weight will be given to the marked and extreme limitations.

---

[3] Whereas "moderate" functional limitations are "non-disabling, *see Sims v. Comm'r of Soc. Sec.,* 406 F.App'x 977, 980 (6th Cir. 2011), "marked" and "extreme" limitations are suggestive of disability. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 12.00(C) *et seq.*

7

PageID 79-80. [4]

The Court finds the foregoing discussion reflects appropriate consideration of therapist Stephenson's opinion, and that the ALJ's decision to discount the weight accorded such opinion is supported by substantial evidence. Significantly, both consultative examiners and the Bureau of Disability Determination ("BDD") record reviewing psychologist found Plaintiff much less limited by her mental impairments than did therapist Stephenson. PageID 79, 157-59, 466, 519-20. It was proper for the ALJ to discount therapist Stephenson's opinion -- as an "other source" -- in light of conflicting opinion evidence by multiple "acceptable medical sources." 20 C.F.R. § 404.1527(c) (4) ("the more consistent an opinion is with the record as a whole . . . the more weight [is given] to that opinion"); *see* SSR 06-03p, 2006 WL 2329939, at *5 ("acceptable medical sources are the most qualified health care professionals") (internal citation and quotations omitted); *see also Rainey-Stiggers v. Comm'r of Soc. Sec.,* No. 1:13-cv-517, 2015 WL

---

[4] GAF refers to "Global Assessment of Functioning," a tool used by health-care professionals to assess a person's psychological, social, and occupational functioning on a hypothetical continuum of mental illness. Diagnostic and Statistical Manual of Mental Disorders 34 (4th ed. 2000) ("DSM–IV"). "The most recent (5th) edition of the Diagnostic and Statistical Manual of Mental Disorders does not include the GAF scale." *Judy v. Colvin,* No. 3:13cv257, 2014 WL 1599562, at *11 (S.D. Ohio Apr. 21, 2014); *see also* Diagnostic and Statistical Manual of Mental Disorders 16 (5th ed. 2013) ("DSM–V") (noting recommendations "that the GAF be dropped from [DSM–V] for several reasons, including its conceptual lack of clarity ... and questionable psychometrics in routine practice"). As set forth in the DSM–IV, a GAF score of 41–50 indicates "[s]erious symptoms (*e.g.,* suicidal ideation, severe obsessional rituals, frequent shoplifting) or any serious impairment in social, occupational, or school functioning (*e.g.,* no friends, unable to keep a job)." DSM–IV at 34. A GAF score of 51–60 is indicative of "[m]oderate symptoms (*e.g.,* flat affect and circumstantial speech, occasional panic attacks)" or "moderate difficulty in social, occupational, or school functioning (*e.g.,* few friends, conflicts with peers or co-workers)." *Id.* Plaintiff was assigned GAF scores of 51, 52, and 53. PageID 466, 519, 582.

729670, at *13 (S.D. Ohio Feb. 19, 2015). Indeed, contrary to Plaintiff's contention,[5] no "acceptable medical source" expressed an opinion consistent with therapist Stephenson's limitations.

Accordingly, the weight accorded therapist Stephenson's opinion is supported by substantial evidence, and Plaintiff's first assignment of error is overruled. *See Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) ("[e]ven if there is substantial evidence in the record that would have supported an opposite conclusion[,]" the Court must give deference to the ALJ's decision if it is supported by substantial evidence).

**B. RFC Determination**

Plaintiff next argues that the ALJ's RFC determination is not supported by substantial evidence. Doc. 9 at PageID 637-39. A person's RFC is the most that an individual can do despite all physical and mental limitations. 20 C.F.R. § 404.1545(a)(1). An ALJ determines a claimant's RFC "based on all the relevant evidence in [the claimant's] case record," including statements about what the claimant can do "provided by medical sources" and "descriptions and observations of [the claimant's] limitations from [his or her] impairment(s), including limitations that result from [the claimant's] symptoms, such as pain, provided by [his or her] family, neighbors, friends, or other persons." 20 C.F.R. § 404.1545(a)(3).

---

[5] Plaintiff argues that therapist Stephenson's opinion is supported by the opinions of her treating psychiatrist, Dr. Patel. Doc. 9 at PageID 636-37. However, the record, as cited by Plaintiff, contains only progress notes and a mental status exam documenting Plaintiff's symptoms, diagnoses, and a GAF score -- not medical opinions regarding her functional limitations or restrictions. *Id.*; PageID 545, 560-61, 580, 619-20. "Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2); *see Davis v. Comm'r of Soc. Sec.*, No. 11-cv-14094, 2012 WL 4378428, at *12-13 (E.D. Mich. June 15, 2012) (finding that a "mere diagnosis" or assignment of GAF score is not a medical opinion).

As noted, Plaintiff's RFC included the following limitations relevant to her mental health conditions:

> she is limited to simple, routine and repetitive tasks; low stress work, that is, no strict production quotas, no fast-pace, and few changes in the work setting; no contact with the public; and only occasional contact with coworkers and supervisors.

PageID 76. The ALJ based the RFC determination on assessments from consultative psychologist Regina McKinney, Psy.D. (consistent with that of an earlier examination) and record reviewing psychologist Caroline Lewin, Ph.D., neither of whom found Plaintiff to have disabling limitations. PageID 79, 157-59, 466, 519-20. Plaintiff argues that the ALJ erred in relying on Dr. Lewin's opinion, which was given in October 2011, *i.e.,* before Plaintiff began treatment with therapist Stephenson and Dr. Patel in January 2012. Doc. 9 at PageID 638-39; PageID 157-59.

The Court finds the ALJ reasonably relied on the consistent opinions of the consultative examiners and record reviewing psychologist in determining Plaintiff's RFC -- notwithstanding the fact that Dr. Lewin's opinion predated the submission of medical evidence from therapist Stephenson and Dr. Patel. When an ALJ grants weight to the opinion of a psychologist who reviewed an incomplete record, the ALJ is required to indicate that he or she has considered the subsequently submitted evidence. *Blakely*, 581 F.3d at 409 (citing *Fisk v. Astrue*, 253 F. App'x 580, 585 (6th Cir. 2007)). The ALJ's decision reflects appropriate consideration of the evidence submitted after the record reviewer's opinion. For example, in crafting Plaintiff's RFC, the ALJ noted the moderate symptoms and GAF score of 51 found during a February 2012 mental status examination performed by Dr. Patel, and the limitations contained in therapist Stephenson's October 2012 opinion. PageID 79-80. Although the ALJ did not adopt therapist Stephenson's

limitations in Plaintiff's RFC, the Court previously found the ALJ's discounting of such opinion supported by substantial evidence. *See supra*.

As to Dr. Patel's records, Plaintiff has not shown how his treatment notes translate into functional limitations beyond the significant mental-impairment limitations the ALJ included in Plaintiff's RFC. *See Davis*, 2012 WL 4378428, at *13. Dr. Patel's treatment notes document Plaintiff's diagnoses, PageID 582; self-reports -- of "feel[ing] stressed and anxious," "having hallucinations," "get[ing] paranoid/freak[ed] out when around a lot of people," PageID 545; "feeling depressed, stressed[,] anxious[,] [and] paranoid[,]" PageID 560; "feel[ing] rage[,]" PageID 566 -- observations of anxious mood/affect, PageID 545, 558, 560, 566, 570; and "severe persecutory delusions[,]" PageID 580. However, as previously noted, Dr. Patel did not express an opinion as to what limitations or restrictions, if any, result from Plaintiff's mental health conditions, *see supra* note 5, and Plaintiff fails to demonstrate how the limitations included -- *i.e.*, "simple, routine and repetitive tasks; low stress work . . . no strict production quotas, no fast-pace, and few changes in the work setting; no contact with the public; and only occasional contact with coworkers and supervisors" -- do not adequately address the concerns raised in Dr. Patel's records.

Accordingly, the Court finds the ALJ's RFC determination supported by substantial evidence, and Plaintiff's second assignment of error is overruled.

    **C.**    **Listing §§ 12.03 and/or 12.06**

Finally, Plaintiff argues -- without elaboration -- that "the evidence supports a finding that . . . [she] meets/equals Listings [§§] 12.03 and/or 12.06 based on her multiple marked impairments, delusions, hallucinations, recurrent obsessions, and recollections of traumatic experiences." Doc. 9 at PageID 639. Plaintiff fails to address the requirements of these Listings

or argue how she meets or equals every such requirement. *See Evans v. Sec'y of Health & Human Servs.*, 820 F.2d 161, 164 (6th Cir. 1987) (stating that Plaintiff has the burden of proving that he or she meets or equals all of the criteria of a listed impairment). Accordingly, the Court considers such argument waived. *See Kennedy v. Comm'r of Soc.*, Sec., 87 F. App'x 464, 466 (6th Cir. 2003) ("issues which are 'averted to in a perfunctory manner, unaccompanied by some effort at developed augmentation, are deemed waived'") (quoting *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir.1996)). Assuming, *arguendo*, that this argument is appropriately presented and thus merits review, Plaintiff has failed to satisfy her burden to show either Listing 12.03 or 12.06 are met or equaled in this instance.

## IV.

For the foregoing reasons, **IT IS ORDERED THAT**:

1. The Commissioner's non-disability finding is **AFFIRMED**; and

2. This case is **TERMINATED** on the Court's docket.

**IT IS SO ORDERED**.

Date: August 14, 2015        *s/ Michael J. Newman*
                             Michael J. Newman
                             United States Magistrate Judge